UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

SERENE WRIGHT and JOSEPHINE DEJESUS,

                    Plaintiffs,             23-cv-1874 (JPO) (SLC)

       -against-                      STIPULATION AND
                                          PROTECTIVE ORDER

ETHICAL CULTURE FIELDSTON SCHOOL,
JESSICA BAGBY, ROBERT CAIRO, NIGEL
FURLONGE, and JOHN AND JANE DOES,

                    Defendants.

-----------------------------------------------------------x

       WHEREAS, the Court having found pursuant to its order of October 10, 2024 (ECF No. 57) that good cause exists for the issuance of an appropriately tailored protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

       IT IS HEREBY STIPULATED AND AGREED by and between undersigned counsel for Plaintiffs Serene Wright and Josephine DeJesus (collectively, "Plaintiffs"), Defendants Ethical Culture Fieldston School, Jessica Bagby, Robert Cairo, Nigel Furlonge, and "John and Jane Does" (collectively, "Defendants"), and The Cochran Firm (Plaintiffs, Defendants, and The Cochran Firm, singularly, a "Party to the Protective Order," and collectively, the "Parties to the Protective Order") that:

       1.      All documents, materials, items, and/or information produced by a Party to the Protective Order (a "Producing Party") in connection with Defendants' forthcoming renewed motion to enforce the settlement agreement between Plaintiffs and Defendants (the "Renewed Motion to Enforce the Settlement") shall be governed by this Protective Order.

       2.      Counsel for any Party to the Protective Order may designate any document or information produced in connection with the Renewed Motion to Enforce the Settlement, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of that Party, or a third party who is not a party to this action, (1) information that in the ordinary course would not be publicly disclosed, (2) information that in the good faith judgment of the producing party is or would be detrimental to that party, or (3) information that is proprietary, a trade secret, or otherwise sensitive non-public information (the "Confidential Information"). Information and documents designated by a Producing Party as confidential will be stamped "CONFIDENTIAL."

       3.      The Confidential Information disclosed will be held and used by the person

receiving such information solely for use in connection with the Renewed Motion to Enforce the Settlement.

4.      In the event a Party to the Protective Order challenges another such Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging Party to the Protective Order may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any Party to the Protective Order that Confidential Information disclosed in this case is relevant or admissible. Each Party to the Protective Order reserves the right to object to the use or admissibility of the Confidential Information.

5.      All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

      a.      The Parties to the Protective Order and their counsel, including in-house counsel;

      b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

      d.      The Court (including a mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

6.      Prior to disclosing or displaying the Confidential Information to any person, counsel must:

      a.      Inform the person of the confidential nature of the information or documents;

      b.      Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than in connection with the Motion to Enforce the Settlement and has enjoined the disclosure of the information or documents to any other person; and

      c.      Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

7.      A Party to the Protective Order seeking to submit Confidential Information to the Court must follow the Court's procedures with respect to filing the Confidential Information under seal.

8.      The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall

thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

9.      Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in connection with the Motion to Enforce the Settlement shall be maintained by the receiving party in a manner that is secure and confidential.

10.      Pursuant to Rule 502 of the Federal Rules of Evidence, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

11.      At the conclusion of litigation in this matter, all persons having received Confidential Information, except the Court and those employed by the Court, shall return such material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party or, alternatively, shall destroy such material and provide written certification of such destruction to counsel for the Producing Party, with the exception of documents retained for recordkeeping purposes by counsel for the Parties to the Protective Order.  Counsel for the Parties to the Protective Order are not required to destroy and/or return Attorney Work Product.

12.      This Stipulation and Order may be changed by further written agreement of the Parties, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated:  October 25, 2024


_/s/ Nathaniel B. Smith_
Nathaniel B. Smith
Attorney for Plaintiffs


_/s/ Debo P. Adegbile_
Debo P. Adegbile
Attorney for Defendants


_/s/ Derek Sells_
Derek Sells
The Cochran Firm

SO ORDERED.



J. PAUL OETKEN
United States District Judge


Dated: New York, New York
October 28, 2024

- 4 -

<u>Agreement To Be Bound By Protective Order</u>

I, the undersigned, _____ (print or type name), hereby acknowledge that I have received a copy of the Stipulation and Protective Order (the "Order") entered on _____, 2024 in the matter entitled *Serene Wright et al. v. Ethical Culture Fieldston School et al.*, No. 23-cv-1874 (JPO)(SLC), pending before the Honorable J. Paul Oetken in the U.S. District Court for the Southern District of New York.  My business/residence address is:

_____

_____

_____

I hereby acknowledge that I have read and understand the Order, and agree to: (1) be bound by all of the provisions thereof and (2) submit to the jurisdiction of the U.S. District Court for the Southern District of New York for purposes of enforcing the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Agreement was executed on the _____ day of _____, 202_, in the city of _____, state of _____.

_____
(Signature)