UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERENE R. WRIGHT, *et al.*,
                Plaintiffs,

-v-

ETHICAL CULTURE FIELDSTON
SCHOOL, *et al.*,
                Defendants.

23-CV-1874 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

    Defendants' request to seal documents supporting their motion to enforce the settlement agreement (ECF No. 61) is DENIED. As Defendants acknowledge, "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Conversely, where documents "come within a court's purview solely to insure their irrelevance" does "the weight of the presumption decline[]." *Id.* (quotation marks omitted). Here, Defendants have asked to redact, among other things, references to the mere fact that the settlement discussions concerned a putative "class action" lawsuit. Allowing these redactions would be problematic given Plaintiffs' argument that the settlement Defendants seek to enforce was an improperly negotiated "aggregate settlement," which the named Plaintiffs here did not approve. (*See* ECF No. 68.) On the flip side, redacting the mere fact that the settlement concerned "class action" claims is not necessary to preserve the confidentiality of the terms of the settlement agreements or protect the privacy interests of third parties. (*Cf.* ECF No. 63 at 22-23.) Contrary to Defendants' characterization, the proposed redactions here are not "the same type of information that the Court agreed should be sealed in *Emile*." (ECF No. 73.) In *Emile*, the redactions did not include references to a "class action" settlement, and were less extensive than the ones proposed here.

1

*Emile v. Ethical Culture Fieldston School*, No. 21-cv-3799 (S.D.N.Y.), ECF Nos. 79, 131. Because the redacted information may be relevant to Plaintiffs' arguments and because such extensive redactions are unnecessary to protect fairness or third-party privacy interests, Defendants' request is denied.

Should Defendants elect to propose revised redactions, they shall do so on or before November 27, 2024. As a reminder, any information that concerns Plaintiffs here shall not be redacted. Similarly, any information that concerns whether the settlement was negotiated as a series of individual settlements or an aggregate settlement shall not be redacted. Information that pertains to the terms of third-party settlements, the identities of third-parties, or the amounts of third-party settlements, or is protected by attorney-client privilege, may be redacted.

SO ORDERED.

Dated: November 20, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge