UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SERENE R. WRIGHT, *et al.*,

                              Plaintiffs,

-v-

ETHICAL CULTURE FIELDSTON
SCHOOL, *et al.*,

                              Defendants.

23-CV-1874 (JPO)

MEMORANDUM AND ORDER
ADOPTING REPORT &
RECOMMENDATION

---

J. PAUL OETKEN, District Judge:

        On July 15, 2025, Magistrate Judge Sarah L. Cave issued a Report & Recommendation ("R&R") concerning (1) a motion to enforce a settlement agreement filed by Defendants Ethical Culture Fieldston School ("ECFS") and certain of its employees that they contend Plaintiffs Serene Wright and her mother Josephine DeJesus agreed to on June 16, 2022 (ECF No. 62 ("Settlement Motion")), and (2) a motion to enforce a charging lien against Plaintiffs filed by Attorney Derek Sells and his law firm, The Cochran Firm ("TCF"), (ECF No. 82 ("Lien Motion").)  Judge Cave recommends finding that the Settlement Motion be denied, as no enforceable settlement was reached while TCF represented Plaintiffs.  (*See* ECF No. 105 ("Rep.").)  Moreover, because Plaintiffs and ECFS did not reach an enforceable settlement agreement before Plaintiffs discharged TCF, Plaintiffs' claims remain pending, and this litigation must continue.  The R&R therefore recommends that the Lien Motion be denied without prejudice.  (Rep. at 22.)

...

Having reviewed the R&R *de novo*, *see McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009), the Court agrees with Judge Cave and adopts the R&R in full.[1]

## I. Discussion

### A. Enforceability of the Settlement

Defendants[2] agree with the R&R that the proper analytic framework is the four-factor test from *Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78, 80 (2d Cir. 1985), but they disagree with how the R&R applied each of the *Winston* factors and contend that the R&R ignored all objective signs that the parties intended to be bound by the terms of the settlement agreement. (ECF No. 108; ECF No. 109 at 8-18.)

To determine the intent of the parties in contract formation absent documentation, the Second Circuit directs district courts to consider: "(1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Winston*, 777 F.2d at 80. "Under New York law, applicable here, the proponent of a contract has the burden of proving the existence of a binding contract by a preponderance of the evidence." *Xie v. Caruso, Spillane, Leighton, Contrastano, Savino & Mollar, P.C.*, 632 F. Supp. 3d 262, 267 (S.D.N.Y. 2022).

---

[1] In the interest of judicial economy, the Court assumes familiarity with the record, omitting a lengthy background section from this memorandum and order.

[2] TCF provides no additional analysis in its objection to the R&R for why it believes that the R&R erroneously concluded that the parties did not enter into a binding settlement agreement. (*See* ECF 108.) Therefore, this Court now focuses on only Defendants' objections to the R&R.

As the facts underlying the alleged formation of this settlement agreement are substantially the same as those in the related case *Mason v. Ethical Culture Fieldston School*, No. 23-CV-1402, and the Defendants provide no new arguments in objection, this Court again agrees with Judge Cave's analysis of the *Winston* factors.[3]

### B. The Lien Motion

TCF and Plaintiffs object to Judge Cave's *quantum meruit* calculation. Because this Court agrees with the R&R that Plaintiffs and ECFS did not reach an enforceable settlement before Plaintiffs discharged TCF, the Lien Motion must also be denied without prejudice. As Judge Cave concluded, courts must normally "defer determination of the fees and disbursements due the [withdrawing] attorney until the resolution of the main case to avoid injecting side issues." (ECF No. 105 at 22 (quoting *Misek-Falkoff v. Int'l Bus. Mach. Corp.*, 829 F. Supp. 660, 663 (S.D.N.Y. 1993)).)

## II. Conclusion

For the foregoing reasons, Judge Cave's R&R dated July 15, 2025 (ECF No. 105) is hereby ADOPTED in full.

Accordingly, (1) Defendants' motion to enforce settlement agreement is DENIED; and (2) the Cochran Firm's motion to enforce charging lien is DENIED without prejudice.

---

[3] Defendants "acknowledge that the Court was not persuaded by similar arguments when it adopted Judge Cave's R&R in *Mason*." (ECF 109 at 5 n.1.) Even so, Defendants again contend in their objection to the instant R&R that the record and law clearly support enforcing the settlement agreement.

The Clerk of Court is directed to close the motions at Docket Number 62 and Docket Number 82.

SO ORDERED.

Dated: August 1, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge