UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SERENE WRIGHT and JOSEPHINE DEJESUS,

                 Plaintiffs,

-v-

ETHICAL CULTURE FIELDSTON SCHOOL, et al.,

                 Defendants.

CIVIL ACTION NO. 23 Civ. 1874 (JPO) (SLC)

**ORDER**

---

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

We presume the reader's familiarity with the background of this action, in which Plaintiffs assert discrimination and retaliation claims against Defendants under federal, New York State, and New York City laws. See Wright v. Ethical Culture Fieldston Sch., No. 23 Civ. 1874 (JPO) (SLC), 2025 WL 2616578, at *2–7 (S.D.N.Y. July 15, 2025), adopted by, 2025 WL 2180448 (S.D.N.Y. Aug. 1, 2025).[1]  Now before the Court is the parties' dispute over the language of a protective order, competing versions of which the parties have submitted for the Court's ruling.  (See Dkt. Nos. 128; 129; 129-1 ("Defendants' PO"); 129-2 ("Plaintiffs' PO")).  The parties dispute whether the protective order should permit any materials to be designated "Highly Confidential – Attorneys' Eyes Only" ("AEO") – Plaintiffs say no, Defendants say yes. (See Dkt. Nos. 128 at 1–2; 129 at 1–2).

For the reasons set forth below, the Court adopts and enters Defendants' PO, which contains an AEO provision, as the protective order that will apply to discovery produced in this action.

---

[1] We continue to employ the defined terms used in Wright.

1

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26 permits a party to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "A party may seek a protective order if the discovery sought would subject the party to annoyance, embarrassment, oppression or undue burden or expense." Abdelsayed v. N.Y. Univ., No. 17 Civ. 9606 (VSB) (KHP), 2019 WL 2336533, at *2 (S.D.N.Y. June 3, 2019); see Fed. R. Civ. P. 26(c)(1) (providing that court may enter protective order "for good cause"). "The party seeking protection for its data bears the burden of establishing good cause for the issuance and continuation of a protective order." Saks Inc. v. Attachmate Corp., No. 14 Civ. 4902 (CM), 2015 WL 1841136, at *15 (S.D.N.Y. Apr. 17, 2015) (citing Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004)).

## III. APPLICATION

As is relevant to the parties' dispute, Defendants' PO provides:

4. A Producing Party may designate any information it produces in this action as "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order. For the purposes of discovery produced during the course of litigation, information or materials designated "Highly Confidential – Attorneys' Eyes Only" means those things that the Producing Party in good faith believes are so sensitive that their disclosure to any person other than those specified in Paragraph 9(b)-9(f) is likely to cause significant harm to an individual, or constitutes or is similar to information subject by law or contract to a legally protected right of privacy or that the Producing Party is otherwise under a preexisting obligation to maintain as confidential. Non-limiting examples of such information or materials include:

> a. Protected Health Information ("PHI"), as that term is used in the Health Insurance Portability and Accountability Act ("HIPAA") and defined in 45

2

> C.F.R. §§ 160 and 164. PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.
>
> b. Non-public information or materials regarding individuals, including but not limited to home addresses, social security numbers, dates of birth, financial records, educational records, disciplinary records, school attendance records, reports to child protection agencies, signed agreements and/or contracts, personnel records, employment records, payroll information, demographic data, and names of minors.

(Dkt. No. 129-1 ¶ 4 (the "AEO Provision")). The parties in paragraph 9(b)–(f) who may view AEO-designated materials are: the parties' counsel; employees of counsel assigned to and necessary to assist in the litigation; consultants; the Court and its employees; and any other person only pursuant to the Court's order or agreement of the parties. (Id. ¶ 9(b)–(f)). The parties are not excluded from those who may view AEO-designated materials. (Id. ¶¶ 4, 9(a)). The AEO Provision is nearly identical to the protective order in the Emile Action, the AEO Provision here being slightly narrower because it does not include "[a]ny other non-public information or materials naming or concerning ECFS families and students other than Plaintiffs." (Emile v. Ethical Culture Fieldston Sch., No. 21 Civ. 3799 (JPO), Dkt. No. 23 ¶ 4(c)).

Plaintiffs' PO omits the AEO Provision and any other reference to designating materials AEO. (Dkt. No. 129-2). Both parties' drafts include a provision requiring the parties to make a "good faith effort" to resolve disputes about designations, and absent a resolution, to seek Court intervention. (Id. ¶ 5; Dkt. No. 129-1 ¶ 6).

Plaintiffs oppose the inclusion of the AEO Provision because "it will preclude Plaintiffs' counsel from discussing, sharing, and developing evidence with the Plaintiffs[.]" (Dkt. No. 128 at

3

1). In support, Plaintiffs cite other employment or discrimination cases in which courts have denied requests to permit AEO designations. (Id. at 1–2). Thus, Plaintiffs contend that Defendants have not shown good cause for inclusion of the AEO Provision. (Id. at 2).

Defendants argue that the AEO Provision is necessary because Plaintiffs have indicated their intent to request "disciplinary records," "incident records," and "investigations" involving students who are not parties to this action. (Dkt. No. 129 at 1 (quoting Dkt. No. 124 at 9:16–18)). While Defendants reserve their right to object to such requests, Defendants note that other students "are not parties and will be unable to object to disclosure of their sensitive records to Plaintiffs." (Id.) Defendants also cite their obligations under federal and New York law to protect students' privacy rights. (Id. (citing N.Y. Educ. L. § 2-d;[2] 20 U.S.C. § 1232g[3])). Finally, Defendants note the similarity between the AEO Provision and the protective order entered in the Emile Action and that the parties can meet and confer, and raise with the Court if necessary, any disputes about AEO designations of particular documents. (Id. at 1–2).[4]

---

[2] This statute governs the unauthorized release of personally identifiable information and, inter alia, requires each school to publish a parents' bill of rights for data privacy and security, contemplates the establishment of standards for educational data security and privacy, and consequences – including civil monetary penalties – for unauthorized release of student data. N.Y. Educ. L. § 20-d.

[3] This statute, the Family Educational Rights and Privacy Act ("FERPA"), "prohibits the federal funding of schools that have a policy or practice of permitting the release of students' education records without their parents' written consent." Gonzaga Univ. v. Doe, 536 U.S. 273, 273 (2002). "FERPA requires that [a school] make a reasonable effort to provide notice to the students and their parents before disclosing education records, including those that contain personal identifying information[,]" even when disclosure is required pursuant to a court order. Jackson v. Willoughby Eastlake Sch. Dist., No. 16 Civ. 3100 (DAR), 2018 WL 1468666, at *4 (N.D. Oh. Mar. 23, 2018) (citing 34 C.F.R. §§ 99.31(a)(9)(i), (ii)).

[4] Defendants also note that Plaintiffs have asked to receive identifying information regarding any non-party students in Defendants' document production. (Dkt. No. 129 at 2 (citing Dkt. No. 124 at 9:6–14, 30:13–14)). Defendants assert, and the Court agrees, that this issue is not yet ripe for the Court's attention. To the extent that Plaintiffs have concerns about redaction of any particular document, they can raise it with Defendants' counsel in the first instance and seek Court intervention if the parties are unable to resolve the dispute. (See Dkt. No. 129-1 ¶ 6).

The Court finds that Defendants' PO containing the AEO Provision is appropriate for the circumstances of this action.  Plaintiffs have indicated their intention to seek from Defendants materials about the disciplinary, incident, and investigative records concerning other students who are not parties to this action.  (Dkt. No. 124 at 9:16–18)).  Both federal and New York law impose obligations and procedures on ECFS before such information can be disclosed, and possible penalties for improper disclosure.  (See nn.2–3, supra).  Other courts recognizing an educational institution's obligations under FERPA have accordingly required that disclosure of students' records occur on an AEO-only basis.  See, e.g., Jackson, 2018 WL 1468666, at *5 (requiring that all student records "be produced subject to a protective order limiting the use of such information to this ligation only, for attorneys' eyes only, and preventing the filing of such individual student records except under seal"); see also Metcalf v. Yale Univ., No. 15 Civ. 1696 (VAB), 2017 WL 627423, at *4 (D. Conn. Feb. 15, 2017) (discussing FERPA's limitations on disclosure of educational records and providing that documents concerning university's investigation of complaints of sexual misconduct be designated AEO).  Plaintiffs' cases (Dkt. No. 128 at 2), each of which addressed personnel records of adults – for which no federal or state statute imposed particular privacy obligations unlike the obligations FERPA and New York law impose on the educational records of minor students – do not undermine Defendants' showing of good cause for including the AEO Provision in this action, where Plaintiffs intend to seek highly sensitive, potentially racially-charged, personal information about minor students.  See Samuelson v. Monument Health, Inc., No. 23 Civ. 5091 (CCT), 2025 WL 2606094, at *3 (D. S.D. Sept. 9, 2025) (finding that defendant failed to show AEO designation was necessary for records and testimony of plaintiff's co-worker); Westmoreland v. Wells Fargo Bank Nw., N.A., No. 15 Civ.

5

312 (CWD), 2016 WL 6471433, at *2 (D. Idaho Oct. 31, 2016) (finding that defendant failed to show good cause for AEO designation on personnel records); Diaz v. Local 338 of Retail, Wholesale Dep't Store Union, United Food & Com. Workers, No. 13 Civ. 7187 (SJF) (SIL), 2014 WL 4384712, at *3–4 (E.D.N.Y. Sept. 3, 2014) (same); Gillespie v. Charter Commc'ns, 133 F. Supp. 3d 1195, 1202 (E.D. Mo. 2015) (same); Dauska v. Green Bay Packaging, Inc., 291 F.R.D. 251, 260–61 (E.D. Wis. 2013) (finding that AEO designation for severance agreement was unnecessary). Furthermore, the procedure for permitting Plaintiffs to raise concerns about particular AEO designations with Defendants, and the Court if necessary, provides a sufficient safeguard to avoid impeding Plaintiffs' ability to prosecute their claims. See Coventry Cap. US LLC v. EEA Life Settlements Inc., No. 17 Civ. 7417 (VM) (SLC), 2020 WL 7383940, at *8 (S.D.N.Y. Dec. 16, 2020) (directing parties to meet and confer about AEO designations and raise remaining disputes with the Court).

Defendants have therefore shown good cause for concluding that this action represents one of the rare instances in which the inclusion of the AEO Provision in the protective order is warranted.

### IV. <u>CONCLUSION</u>

For the reasons set forth above, the Court will endorse Defendants' PO. (Dkt. No. 129-1).

Dated:     New York, New York
           November 25, 2025

                                                    SO ORDERED.

                                                    _____
                                                    SARAH L. CAVE
                                                    United States Magistrate Judge

6