UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SERENE R. WRIGHT and JOSEPHINE DEJESUS,<br><br>                                    Plaintiffs,<br><br>     against<br><br>ETHICAL CULTURE FIELDSTON SCHOOL, JESSICA BAGBY, ROBERT CAIRO, NIGEL FURLONGE, and "JOHN AND JANE DOES,"<br><br>                                    Defendants. | CIVIL ACTION NO.: 1:23 Civ.1874 (JPO) (SLC)<br><br>**CONFIDENTIALITY STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    All documents, materials, items, and/or information produced by a Party or Non-Party (a "Producing Party") to any of the Parties in this case (a "Receiving Party") shall be governed by this Protective Order.

2.    Counsel for a Producing Party may designate any document or information, in whole or in part, as (1) "Confidential" or (2) "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order (collectively referred to herein as "Protected Information").

3.    A document or information may be designated confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

4.    A Producing Party may designate any information it produces in this action as "Highly Confidential – Attorneys' Eyes Only" under the terms of this Protective Order. For the purposes of discovery produced during the course of litigation, information or materials designated "Highly Confidential – Attorneys' Eyes Only" means those things that the Producing Party in good faith believes are so sensitive that their disclosure to any person other than those specified in Paragraph 9(b)-9(f) is likely to cause significant harm to an individual, or constitutes or is similar to information subject by law or contract to a legally protected right of privacy or that the

1

Producing Party is otherwise under a preexisting obligation to maintain as confidential. Non-limiting examples of such information or materials include:

    a.    Protected Health Information ("PHI"), as that term is used in the Health Insurance Portability and Accountability Act ("HIPAA") and defined in 45 C.F.R. §§ 160 and 164. PHI includes, but is not limited to, health information, including demographic information, relating to either: the past, present, or future physical or mental condition of an individual; the provision of care to an individual; and the payment for care provided to an individual that identifies the individual or which reasonably could be expected to identify the individual.

    b.    Non-public information or materials regarding individuals, including but not limited to home addresses, social security numbers, dates of birth, financial records, educational records, disciplinary records, school attendance records, reports to child protection agencies, signed agreements and/or contracts, personnel records, employment records, payroll information, demographic data, and names of minors.

5.    Protected Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

6.    In the event a Receiving Party challenges a Producing Party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. While such an application is pending, the document or information at issue will be treated as confidential or highly confidential (AEO) under the terms of this Protective Order. The Parties are not obligated to challenge the designation of any Protected Information at the time of receipt, disclosure, or designation, and are not precluded from raising any subsequent challenges.

7.    Nothing in this Protective Order constitutes an admission by any party that Protected Information disclosed in this case (a) is relevant or admissible, or (b) contains or reflects any sensitive or confidential information. Each party reserves the rights to object to the use, authenticity, or admissibility of the Protected Information; to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order; to petition the Court for a further protective order relating to any purportedly confidential information or persons to whom such information may be disclosed; or to make a showing that information or material of a sensitive or confidential nature, but which is not specifically included in the categories of "Highly Confidential – Attorneys' Eyes Only" information or materials itemized in Paragraph 4, is properly designated "Highly Confidential – Attorneys' Eyes Only." Nothing in this Protective Order prevents the Parties from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material produced by the Parties.

8.    Any information is deemed Protected Information if designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Producing Party, whether it is a document, information contained in a document, information

revealed in an interrogatory answer, information revealed during deposition, and/or information revealed during a court proceeding or otherwise. The protections conferred by this Protective Order also cover any information copied or extracted from Protected Information; all copies, excerpts, summaries, or compilations of Protected Information; and any testimony, conversations, or presentations by Parties or their counsel that reveals Protected Information. This Protective Order pertains to all documents and materials provided by the Parties in connection with this litigation, even if the documents or materials are not specifically requested by a discovery request.

9. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The Parties, or the officers, employees, or insurers of the Parties who are assisting in the preparation of this case for trial and to whom, in the opinion of the attorney(s) for Plaintiffs or Defendants, it is necessary to the preparation of the Party's case that such material be shown;

    b. The Parties' counsel, including in-house counsel;

    c. Employees of such counsel assigned to and necessary to assist in the litigation;

    d. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    e. The Court and its employees (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

    f. Any other person only upon order of the Court or by written consent of the Producing Party.

10. Documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the persons identified in Paragraph 9(b)-(f).

11. Nothing in this Protective Order shall limit a Party's use or disclosure of its own information.

12. Prior to disclosing or displaying the Protected Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has

     enjoined the disclosure of the information or documents to any other person; and

  c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

  13. Any discovery requests, including subpoenas or deposition notices, propounded to non-Parties must be accompanied by a copy of this Protective Order. The terms, remedies, and relief provided by this Protective Order are applicable to material produced by a Non-Party in this litigation and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Such information produced by non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

  14. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Protected Information. If so designated, the document or information shall thenceforth be treated as Protected Information subject to all the terms of this Protective Order. The inadvertent disclosure of Protected Information by the Producing Party in producing discovery, regardless of whether the information was designated as such at the time of disclosure, shall not be treated as a waiver in whole or in part of a Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject, and each Party agrees to make reasonable efforts to preserve the confidentiality of the inadvertently disclosed information. As soon as the Receiving Party has notice of the inadvertent production, the Receiving Party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such information by Paragraphs 6(b) and (c) above, as well as any copies made by such persons.

  15. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Receiving Party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The Producing Party may specify a reasonable level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the Producing Party of same and cooperate with the Producing Party to address and remedy the breach. Nothing herein shall preclude the Producing Party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the Receiving Party's failure to appropriately protect PII from unauthorized disclosure.

  16. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review

of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

17. To the extent a Party seeks to file any material under seal in this action, they must seek the Court's permission to do so, in compliance with the Court's individual rules of practice for civil cases. For information designated as "Highly Confidential – Attorneys' Eyes Only," a Party seeking to file that information with the Court may not file that information on the public docket but must seek permission from the Court to file that information under seal.

18. At the conclusion of litigation, including all appeals, and upon written request by the Producing Party, Protected Information and any copies thereof shall be promptly returned to counsel for the Producing Party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected. Notwithstanding the foregoing, all PHI that is subject to the provisions of HIPAA, including all copies made, shall be returned to the covered entity that provided it, as defined under 45 C.F.R. § 160.103, or destroyed within 90 days of written notice of a request for return at the conclusion of this litigation, either through the settlement of the case, the dismissal of the case or the entry of a final order (i.e., an order not subject to further appeal), as required by 45 C.F.R. § 164.512(e)(1)(v)(B).

19. Unless otherwise agreed or ordered, all provisions of this Protective Order will remain in effect and continue to be binding after conclusion of the litigation.

20. Nothing in this Stipulation shall bar or otherwise restrict an attorney from rendering advice with respect to this litigation to the Party for which such attorneys have appeared of record in this action and, in the course thereof, referring to or relying generally upon their examination of documents produced to them in this action.

21. This Stipulation supersedes any previous arrangement for confidentiality entered into by the Parties.

22. This Stipulation may be changed by further written agreement of the Parties, and is without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

23. Nothing herein shall preclude the parties from disclosing material designated to be Protected Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: New York, New York
November 25, 20 25

SO ORDERED.

_____
SARAH L. CAVE
United States Magistrate Judge

## Exhibit A

## Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled "*Serene R. Wright and Josephine DeJesus v. Ethical Culture Fieldston School, Jessica Bagby, Robert Cairo, Nigel Furlonge, and "John and Jane Does"*", Case No. 1:23-cv-01874 (JPO) (SLC), pending before the Honorable J. Paul Oetken and the Honorable Sarah L. Cave in the U.S. District Court for the Southern District of New York have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)