UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERENE R. WRIGHT, *et al.*,

Plaintiffs,

-v-

ETHICAL CULTURE FIELDSTON
SCHOOL, *et al.*,

Defendants.

23-CV-1874 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs Serene R. Wright, a former student at Ethical Culture Fieldston School

("ECFS"), and her mother, Josephine DeJesus, assert discrimination and retaliation claims under

federal, New York State, and New York City laws against ECFS and certain of its employees

(together, "Defendants"). Defendants move to dismiss Plaintiffs' Title VI claim alleged in their

first amended complaint ("FAC"). For the reasons that follow, Defendants' motion is granted.

I.      **Background**

        A.      **Factual Background**

        Between September 2017 and June 2021, Wright attended high school at ECFS, "an

exclusive, expensive, and predominately white private school" in the Bronx. (ECF No. 115.

¶¶ 1, 3, 12.) At the times relevant to this dispute, the individual defendants were all

administrators at ECFS: Jessica Bagby served as the ECFS Head of School and Robert Cairo

and Nigel Furlonge served as Principal of ECFS's Upper School at various times between 2017

and 2020. (*Id.* ¶¶ 4-7.)

        Wright is a person of color (*id.* ¶ 1), and she attended ECFS with the aid of scholarships

provided to lower-income minority students (*id.* ¶ 11). Plaintiffs allege that throughout Wright's

1

four years at ECFS, both Wright and DeJesus were subjected to a culture of racial hostility and discrimination. (*Id.* ¶¶ 14, 148.)

Plaintiffs assert claims under 42 U.S.C. § 1981, which prohibits racial discrimination in the making and enforcement of contracts; under Title VI of the Civil Rights Act of 1964, which prohibits recipients of federal financial assistance from discriminating on the basis of race, color, or national origin; and under state and local constitutional and statutory provisions that similarly proscribe discrimination. (*See id.* ¶¶ 140-60.)

### B.    Procedural Background

Plaintiffs filed their initial complaint on March 3, 2023 (ECF No. 1), and on October 21, 2025, Plaintiffs filed the operative FAC (*see* ECF No. 115 ("FAC")), adding the Title VI claim under 42 U.S.C. § 2000d based on the information supporting the allegation that Defendant ECFS directly or indirectly receives federal financial assistance or federal grants.[1]

On November 4, 2025, Defendants moved to dismiss the Plaintiffs' Title VI claim and filed an accompanying memorandum of law in support (ECF No. 121 ("Mem.")). Plaintiffs filed their opposition to the motion to dismiss on November 18, 2025 (ECF No. 127 ("Opp.")), and Defendants filed a reply in further support on November 25, 2026 (ECF No. 132 ("Repl.")).

## II.    Legal Standard

The standard of review on a motion made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is that a plaintiff plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

---

[1] Between 2023 and 2025, other issues delayed the progress of this case, including a change of Plaintiffs' counsel and a motion to enforce a purported settlement agreement.

rests.'" *Erickson* v. *Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 544 (citation omitted).

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir.2008). However, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120-21 (2d Cir. 2010).

The Court must limit itself to the facts alleged in the complaint, which are accepted as true; to any documents attached to the complaint as exhibits or incorporated by reference therein; to matters of which judicial notice may be taken; or to documents upon the terms and effect of which the complaint "relies heavily" and which are, thus, rendered "integral" to the complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. and Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995)).

**III.    Discussion**

### A.    Defendants' Motion to Dismiss

Title VI of the Civil Rights Act of 1964 states that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  The statute serves to "condition[] an offer of federal funding on a promise by the recipient not to discriminate, in what amounts essentially to a contract between the Government and the recipient of the funds," *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 286 (1998), and provides an "administrative mechanism for terminating federal financial support for institutions engaged in prohibited discrimination," *Cannon v. Univ. of Chi.*, 441 U.S. 677, 696 (1979).

"In order to recover for a violation of Title VI, a plaintiff must demonstrate that (1) the defendant received federal financial assistance, (2) the plaintiff was an intended beneficiary of the program or activity receiving the assistance, and (3) the defendant discriminated against the plaintiff on the basis of race, color, or national origin in connection with that program or activity."  *Martin v. State Univ. of New York*, 704 F. Supp. 2d 202, 233 (E.D.N.Y. 2010).

Defendants now argue that Plaintiffs have not plausibly alleged that ECFS receives federal financial assistance.  (Mem. at 2.)  Defendants further argue that Title VI does not provide for individual liability.  (*Id.*)

#### 1.    Title VI Claims against Individual Defendants

With respect to Plaintiffs' claims against Bagby, Furlonge, and Cairo, courts in this District have long observed—and Plaintiffs concede (Opp. at 2)—that "Title VI does not provide for individual liability."  *Verdi v. City of New York*, 306 F. Supp. 3d 532, 542 (S.D.N.Y. 2018); *accord Milione v. City Univ. of New York*, 950 F. Supp. 2d 704, 708 (S.D.N.Y. 2013); *Kelly v.*

4

*Rice*, 375 F. Supp. 2d 203, 208 (S.D.N.Y. 2005); *Goonewardena v. New York*, 475 F. Supp. 2d 310, 328 (S.D.N.Y. 2007).  Accordingly, to the extent that Plaintiffs intended to assert Title VI claims against the individual Defendants, those claims are dismissed.

### 2.    Title VI Claim against ECFS

In their second cause of action under Title VI, Plaintiffs allege that, "[u]pon information and belief, ECFS is an educational institution that, directly or indirectly, receives federal financial assistance or federal grants."  (Compl. ¶ 145.)  The fact that this allegation is pleaded "[u]pon information and belief" without more warrants dismissal for failure to state a claim.

Plaintiffs are correct that they need not prove their claims at the pleading stage.  (Opp. at 3.)  Nevertheless, the Court disagrees that their allegations regarding federal funding are sufficient.  Courts in this District have concluded that "merely alleging, without additional information, that an entity receives [federal] funds . . . amounts to no more than a threadbare recital of an element of a cause of action."  *Joy v. Crime Victims Treatment Ctr.*, No. 23-CV-11177, 2025 WL 326521, at \*7 (S.D.N.Y. Jan. 29, 2025) (cleaned up); *see also Davis v. Winston Preparatory Sch.*, No. 21-CV-8209, 2025 WL 1795350, at \*17 (S.D.N.Y. June 30, 2025) ("Because the [a]mended [c]omplaint does not plausibly allege that [the defendant] was receiving Federal funding as of the time of the alleged discriminatory action, Plaintiff's Title VI . . . claim[] will be dismissed."); *Leute v. Int'l Bus. Machines Corp.*, No. 25-CV-00656, 2026 WL 63448, at \*3 (S.D.N.Y. Jan. 8, 2026) (holding that alleging merely "on information and belief" that a defendant receives federal funding—without additional factual allegations supporting that inference—is insufficient to survive a motion to dismiss.).

In their opposition brief, Plaintiffs state that their allegation "about federal funds is based on ECFS's own statement in their 2023 federal tax filing."  (Opp. at 3.)  Even if the Court were

allowed to consider ECFS's 2023 tax form, which was neither attached to the FAC as an exhibit nor incorporated by reference, *see Chambers*, 282 F.3d at 152-53, ECFS's 2023 tax form does not reflect relevant receipt of federal funding.  The allegations in Plaintiffs' Title VI claim pre-date the tax form.  The tax form Plaintiffs reference is from 2023, but all relevant allegations in the case happened between September 2017 and June 2021.  Without any plausible allegations that ECFS received federal funding "at a time contemporaneous with the alleged discriminatory conduct," Plaintiffs' Title VI claim cannot be sustained.  *Davis*, 2025 WL 1795350, at *15; *see also Crandall v. Paralyzed Veterans of Am.*, 146 F.3d 894, 896 (D.C. Cir. 1998) (affirming dismissal of Rehabilitation Act claim, which  similarly requires proof of federal financial assistance, where plaintiff was fired on September 10, 1992, and defendant's federal grant began on September 11, 1992); *Stephanidis v. Yale Univ.*, 652 F. Supp. 110, 113 (D. Conn. 1986), *aff'd*, 814 F.2d 654 (2d Cir. 1987) (upholding dismissal of Rehabilitation Act claim where plaintiff had not pled "receipt and use of federal financial assistance at the relevant time"); *Carmody v. Vill. of Rockville Ctr.*, 661 F. Supp. 2d 299, 338 (E.D.N.Y. 2009) (granting defendants summary judgment where "plaintiff . . . failed to offer any evidence whatsoever to support his claim that [defendants] received federal funds aimed at employment during the time that plaintiff was employed with the [Rockville Centre Police Department], thereby subjecting them to potential liability under Title VI").

### B.    Leave to Amend

Plaintiffs request that they be given leave to amend the FAC if the Court determines that they have not alleged sufficient facts to support the Title VI claim.  (Opp. at 4.)  Rule 15 of the Federal Rules of Civil Procedure instructs the Court to "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Generally, Rule 15 affords courts "sound

discretion" in deciding whether to grant a request for leave to amend. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Moreover, where a claim is dismissed on the ground that it is "inadequate[ly] ple[d]," there is "a strong preference for allowing plaintiffs to amend." *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, No. 08-MDL-1963, 2011 WL 4072027, at *2 (S.D.N.Y. Sept. 13, 2011) (citing *Ronzani v. Sanofi S.A.*, 899 F.2d 195, 198 (2d Cir. 1990)). However, a court may dismiss without leave to amend where amendment would be "futile." *Hutchison v. Deutsche Bank Sec. Inc.*, 647 F.3d 479, 491 (2d Cir. 2011).

Because additional factual allegations could establish that ECFS receives federal financial assistance, amendment of Plaintiffs' Title VI claim would not necessarily be futile. Accordingly, Plaintiffs are granted leave to file an amended complaint within fourteen (14) days of the publication of this Memorandum and Order, with additional allegations limited to facts supporting ECFS's acceptance of federal financial assistance.

## IV.    Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED without prejudice. Plaintiffs must file any amended complaint within fourteen days of the date of publication of this Memorandum and Order.

The Clerk of Court is directed to close the motion at Docket Number 120.

SO ORDERED.

Dated: April 9, 2026
New York, New York

_____
J. PAUL OETKEN
United States District Judge

7