UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERENE R. WRIGHT and JOSEPHINE DEJESUS,

Plaintiffs,

v.

ETHICAL CULTURE FIELDSTON SCHOOL, JESSICA BAGBY, ROBERT CAIRO, NIGEL FURLONGE, and JOHN AND JANE DOES,

Defendants.

CIVIL ACTION NO.: 23 Civ. 1874 (JPO) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Serene R. Wright ("Wright"), a former student at Ethical Culture Fieldston School ("ECFS"), and her mother, Josephine DeJesus, assert discrimination and retaliation claims under federal, New York State, and New York City laws against ECFS and certain of its employees (together, "Defendants"). (See generally Dkt. No. 1). Now before the Court is Plaintiffs' request that Defendants produce information concerning "the racial composition of the staff, faculty, and administrative staff" at ECFS. (Dkt. No. 172 at 2 (the "Request")). Following a conference with the parties on August 28, 2026, during which the parties addressed the Request, the Court directed Plaintiffs to file a letter "providing legal authority for" the Request. (Dkt. No. 173 ¶ 4). On September 4, 2026, Plaintiffs filed their letter, on September 11, 2026, Defendants filed a response, and on September 14, 2026, Plaintiffs filed a reply. (Dkt. Nos. 174; 177; 178). On September 18, 2026, the Court heard further argument from the parties concerning the Request. (Dkt. Nos. 173 ¶ 6; 179 ¶ 1; minute entry dated Sept. 18, 2026).

## II. BACKGROUND

We incorporate by reference the factual background of this and related ECFS actions set forth in decisions by Judge Oetken and the undersigned. See Wright v. Ethical Culture Fieldston Sch., No. 23 Civ. 1874 (JPO), 2026 WL 962271, at *1–2 (S.D.N.Y. Apr. 9, 2026) ("Wright III"); Wright v. Ethical Culture Fieldston Sch., No. 23 Civ. 1874 (JPO) (SLC), 2025 WL 2616578, at *1–3 (S.D.N.Y. July 15, 2025) ("Wright I"), adopted by, 2025 WL 2180448 (S.D.N.Y. Aug. 1, 2025) ("Wright II").[1]

In brief, Wright, a person of color, alleges that, while she attended high school at ECFS between September 2017 and June 2021, ECFS "den[ied] her the same opportunities and benefits that were provided to white students[,] [] discriminat[ed] against her because of her race and color[,] and [] subject[ed] her to severe and pervasive racial animus that took a toll on her self-esteem, her academic confidence, and her physical and mental health." (Dkt. No. 146 ¶ 13; see id. ¶ 12, 14–15, 24, 27, 34, 52–62, 77–91, 101, 110–13, 117–19, 135–39). Plaintiffs detail several racially charged incidents, some of which were directed at Wright and some of which were directed at others. (Dkt. No. 146 ¶¶ 27, 32, 37–38, 40, 49, 53–55, 74–77, 89, 97, 105, 119). In March 2019, students of color at ECFS, including Wright, staged a protest against "the on-going racism at the school[,]" (Dkt. No. 174 ¶¶ 96–97), and demanded that ECFS undertake several remedies, including hiring more faculty of color. (Dkt. No. 174-1 at 1). Plaintiffs assert discrimination and retaliation claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"), 42 U.S.C. § 1981 (the "Section 1981 Claim"), as well as New York State and New York City human rights laws. (Dkt. No. 146 ¶¶ 140–72).[2]

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

[2] The Court recently recommended dismissal of the Title VI Claim and denial of Plaintiffs' request for leave to amend to assert a negligence claim. (Dkt. No. 180).

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Courts construe relevance "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." Doe v. Sarah Lawrence Coll., No. 19 Civ. 10028 (PMH) (JCM), 2021 WL 197132, at *3 (S.D.N.Y. Jan. 20, 2021).

In deciding whether discovery is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Doe, 2021 WL 197132, at *2. "[T]he court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . .; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Of course, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "A district court has broad discretion to determine the scope of discovery." Roman Cath. Diocese of Rockville Ctr., N. Y. v. Arrowood Indem. Co., No. 20 Civ. 11011 (JLR), 2022 WL 17593312, at *4 (S.D.N.Y. Dec. 13, 2022) (citing Crawford-El v. Britton, 523 U.S. 574, 598 (1998)).

**B. Application**

Plaintiffs argue that the Request is relevant to their contention that ECFS "was an elitist institution controlled by a board of directors and other staff who are predominantly white and embrace negative stereotypical attitudes about students of color[.]" (Dkt. No. 174 at 2). Defendants dispute Plaintiffs' characterizations and respond that none of Plaintiffs' cases provide authority for requiring ECFS, in the context of a hostile educational environment claim, to produce demographic data about faculty and staff. (Dkt. No. 177 at 1–2; see Dkt. No. 175 at 17–19). For the reasons set forth below, Plaintiffs' Request is DENIED.

The Court's directive to Plaintiffs was to provide "legal authority for their request that Defendants produce statistical or demographic data concerning ECFS faculty and staff from September 1, 2017 through June 21, 2021." (Dkt. No. 173 ¶ 4). None of the authorities Plaintiffs cite address the relevance of statistical or demographic data concerning the faculty and staff of a school that is the subject of a Title VI or Section 1981 hostile educational environment claim, let alone require the production of such data. (See Dkt. No. 174 at 3–4). In the only case Plaintiffs cite involving a hostile educational environment, the district court, and later the Second Circuit after trial, explained that a "totality of the circumstances" approach applies to determining whether a school has been deliberately indifferent to discrimination against a student under Davis v. Monroe County Board of Education, 526 U.S. 629, 644-45 (1999). See Zeno v. Pine Plains Cent. Sch. Dist., No. 07 Civ. 6508 (PED), 2009 WL 1403935, at *3 (S.D.N.Y. May 20, 2009) (denying defendants' motion for summary judgment where plaintiff adequately showed "a pervasive atmosphere of racism that hindered his access to education" and rejecting defendants' attempt to "disaggregat[e]" school's response to 14 incidents of racial harassment), aff'd after trial, 702

F.3d 655, 666, 670 (2d Cir. 2012) (looking at totality of the circumstances in affirming verdict for plaintiff where "jury could have reasonably found that the District's additional remedial actions were little more than half-hearted measures").[3] (Dkt. No. 174 at 3).

The other cases Plaintiffs have cited do not arise in the education context and discuss when courts may appropriately consider discriminatory conduct not directed at the plaintiff, but of which the plaintiff was aware during his or her employment. See McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 85 (2d Cir. 2010) (Calabresi, J., Concurring); Patane v. Clark, 508 F.3d 106, 114 (2d Cir. 2007); Schwapp v. Town of Avon, 118 F.3d 106, 111 (2d Cir. 1997). (Dkt. No. 174 at 3). Finally, Plaintiffs cite Chen-Oster v. Goldman, Sachs & Co., 293 F.R.D. 557, 561–62 (S.D.N.Y. 2013), for the undisputed proposition that courts in discrimination cases "are often provided latitude in discovery because of the circumstantial nature of the claims." (Dkt. No. 174 at 4). None of these cases address the issue of concern to the Court — whether there is authority to support Plaintiffs' assertion that statistical or demographic data about ECFS's faculty and staff while Wright was a student at the school is relevant to Plaintiffs' hostile educational environment claims.

Furthermore, our independent research casts significant doubt on the relevance of the demographic makeup of ECFS's faculty and staff to Plaintiffs' claims. In Wojcik v. Brandiss, which involved claims of race discrimination in employment, the court declined to consider a plaintiff's proffered evidence of the racial demographics of the department in which she had worked because the "racial breakdown alone 'd[id] not make it more or less likely" that the defendants

[3] Although Davis involved claims under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX"), "[h]istorically, the Supreme Court has applied parallel analysis to claims brought under Title IX and Title VI." Zeno, 702 F.3d at 665 n.9.

discriminated against her "because of her race." 973 F. Supp. 2d 195, 213 (E.D.N.Y. 2013) (collecting cases finding statistical evidence insufficient to support inference of discrimination). We share the reluctance of the court in Wojcik and the authorities on which it relies to infer from racial demographic data that a plaintiff has been subjected to racial discrimination.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Request that Defendants produce information concerning the racial composition of ECFS's faculty, staff, and administrators while Wright was a student at ECFS is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 174.

Dated: New York, New York
September 21, 2026

Sarah L Cave

**SARAH L. CAVE**
**United States Magistrate Judge**