UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SERENE R. WRIGHT and JOSEPHINE DEJESUS,
Plaintiffs,

-v-

ETHICAL CULTURE FIELDSTON SCHOOL, *et al.*,
Defendants.

23-CV-1874 (JPO)

ORDER ADOPTING REPORT AND RECOMMENDATION

J. PAUL OETKEN, District Judge:

Plaintiffs Serene R. Wright and Josephine DeJesus (together, "Plaintiffs") bring this action against Defendants Ethical Culture Fieldston School ("ECFS") and certain ECFS employees (collectively, "Defendants"). On September 21, 2026, Magistrate Judge Sarah L. Cave issued a Report and Recommendation (the "R&R"), recommending that this Court, *inter alia*, dismiss Plaintiffs' Title VI claim with prejudice for failure to state a claim and deny Plaintiffs' motion for leave to amend and add a claim for negligence and negligent supervision. (*See* ECF No. 180 ("R&R").) On the same date, Judge Cave issued an Opinion and Order (the "Opinion"), denying Plaintiffs' request for discovery related to the racial composition of ECFS's workforce. (*See* ECF No. 181 ("Op.").) For the reasons that follow, the Court adopts the R&R, overrules Plaintiffs' objections, and affirms the Opinion.

## I. Background[1]

On April 9, 2026, this Court issued a Memorandum and Order that granted Defendants' motion to dismiss Plaintiffs' Title VI claim in their first amended complaint, due to the fact that

[1] The Court assumes familiarity with the relevant factual background and procedural history, as laid out in Judge Cave's R&R. (*See* R&R at 2-6.)

the Court determined that Plaintiffs' allegations as to ECFS's federal funding were insufficient. (*See generally* ECF No. 144.) Nevertheless, the Court concluded that "additional factual allegations could establish that ECFS receives federal financial assistance," such that "amendment of Plaintiffs' Title VI claim would not necessarily be futile." (*Id.* at 7.) Accordingly, the Court granted Plaintiffs leave to amend, "with additional allegations limited to facts supporting ECFS's acceptance of federal financial assistance." (*Id.*)

On April 23, 2026, Plaintiffs filed a second amended complaint ("SAC"), in which Plaintiffs added factual allegations supporting their Title VI claims, and also added a claim for negligence and negligent supervision. (ECF No. 146 ("SAC").) On May 21, 2026, Defendants filed a motion to dismiss the SAC. (ECF No. 149.) On June 18, 2026, Plaintiffs filed an opposition to Defendants' motion and a cross-motion for post-hoc leave to amend the SAC and add their negligence claim. (ECF No. 156.) On July 10, 2026, Defendants filed a reply in further support of their motion to dismiss and in opposition to Plaintiffs' cross-motion for leave to amend. (ECF No. 164.) On July 27, 2026, Plaintiffs filed a reply in further support of their cross-motion for leave to amend. (ECF No. 168.)

On September 4, 2026, Plaintiffs filed a letter motion to compel Defendants to produce documents showing the racial composition of ECFS employees over a five-year timespan. (ECF No. 174.) Defendants opposed that request on September 11, 2026 (ECF No. 177), and Plaintiffs file a reply in support of their letter motion on September 14, 2026 (ECF No. 178).

On September 21, 2026, Judge Cave issued the R&R recommending that this Court dismiss Plaintiffs' amended Title VI claim with prejudice for failure to sufficiently allege that ECFS receives federal financial assistance and deny Plaintiffs' tardy, post-hoc motion for leave to amend. (R&R.) That same day, Judge Cave issued the Opinion denying Plaintiffs' request for

discovery showing the racial composition of the ECFS workforce. (Op.) Defendants did not object to the R&R or the Opinion. On October 5, 2026, Plaintiffs filed objections to the R&R and the Opinion. (ECF No. 184.) In particular, Plaintiffs object to Judge Cave's recommended denial of leave to amend as relevant to Plaintiffs' negligent claim and Judge Cave's denial of their discovery request; Plaintiffs disclaim objecting to Judge Cave's recommendation that this Court dismiss their Title VI claims with prejudice. (*See id.* at 5.) Defendants filed a response in opposition to Plaintiffs' objections on October 19, 2026. (ECF No. 189.)

## II. Legal Standards

When reviewing a report and recommendation by a magistrate judge, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "The Court reviews the Report strictly for clear error where no objection has been made and will make a *de novo* determination regarding those parts of the Report to which objections have been made." *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009).

Additionally, a district court must consider any objections to a non-dispositive pretrial ruling by a magistrate judge if such objections are filed within fourteen days of the objecting party's receipt of the ruling. *See* Fed. R. Civ. P. 72(a). "Only orders that are 'clearly erroneous' or 'contrary to law' shall be set aside." *Awan v. MTA*, No. 25-CV-4339, 2025 WL 2855281, at *1 (S.D.N.Y. Oct. 8, 2025) (citing Fed. R. Civ. P. 72(a)).

## III. Discussion

### A. Report and Recommendation Denying Leave to Amend

As an initial matter, neither Plaintiffs nor Defendants have filed any objections to the portion of the R&R recommending that this Court dismiss Plaintiffs' Title VI claim with

prejudice. The Court therefore reviews that decision for clear error. Having done so, the Court determines that Judge Cave's well-reasoned opinion presents no errors, clear or otherwise, as to the dismissal of Plaintiffs' Title VI claim with prejudice and therefore adopts it. Accordingly, Plaintiffs' Title VI claim are hereby dismissed with prejudice.

Because Plaintiffs specifically challenge the R&R's denial of leave to amend vis-à-vis Plaintiffs' negligence claim, the Court reviews that portion of the R&R *de novo*. *See McDonaugh*, 672 F. Supp. 2d at 547; Fed. R. Civ. P. 72(b)(3). The propriety of leave to amend is governed by both Rule 15(a)(2) and Rule 16. The relevant rubric depends on whether the motion for leave to amend was "timely filed under [the] scheduling order" governing the case. *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012). Timely motions to amend enjoy the liberal standard of Rule 15(a)(2), while untimely motions "must also show good cause for the amendment under Rule 16." *Id.*

The operative case management plan in this case required any amendments under Rule 15(a)(2) to be made by October 21, 2025, and made clear that any amendments made after that date would "be permitted only on a showing of 'good cause' under Fed. R. Civ. P. 16(b)(4)." (ECF No. 123 at 5-6.) Plaintiffs brought their negligence claim for the first time in the SAC, which was filed over six months after the deadline set by the case management plan on April 23, 2026. (*See* SAC.) Thus, Plaintiffs must show good cause under Rule 16(b)—in addition to satisfying the more forgiving standard of Rule 15(a)(2)—in support of their motion for leave.

The Court concludes that leave is not warranted because Plaintiffs fail to show good cause under Rule 16. "To show good cause, a movant must show that it has been diligent, meaning that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457

(S.D.N.Y. 2012) (cleaned up). Plaintiffs admit that they were not diligent with respect to raising their negligence claim. (*See* ECF No. 184 at 9 ("[I]t is correct that Plaintiffs' counsel could have been more diligent by including the Negligence Claims in the first amended complaint.").)

Plaintiffs argue that good cause exists notwithstanding their lack of diligence because Defendants would not be prejudiced by the introduction of the negligence claim. Not so. Contrary to Plaintiffs' assertion, "diligence on behalf of the moving party" is not some passing concept to be so readily discarded—it is "[t]he touchstone of 'good cause' under Rule 16." *Tardif v. City of New York*, No. 13-CV-4056, 2018 WL 5816870, at *4 (S.D.N.Y. Nov. 7, 2018) (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (Sotomayor, J.)). Thus, standing alone, Plaintiffs' conceded dearth of diligence in bringing its negligence claim is fatal to their motion for leave at this late stage. *See Chin Yong Kim v. Napolitano*, No. 16-CV-9516, 2018 WL 5818095, at *1 (S.D.N.Y. Aug. 17, 2018) ("Under the circumstances, the Court finds that [plaintiff] has not demonstrated the diligence *necessary* to establish good cause under Rule 16(b)." (emphasis added)).

In any event, the Court also rejects Plaintiffs' theory that the negligence claims are subsumed by Plaintiffs' existing claims, such that Defendants would suffer no prejudice from their late-stage introduction. As aptly explained by Judge Cave, Plaintiffs' proposed negligence claim "would rely on arguments, factual allegations, authority, and evidence that are different from their Title VI or Section 1981 claims." (R&R at 16-18.) *See also TC v. Valley Cent. Sch. Dist.*, 777 F. Supp. 2d 577, 606 (S.D.N.Y. 2011) ("Plaintiffs state that this claim is subsumed within their Title VI claims and therefore defendants had notice of it through the notice of claim. This negligence claim, however, has its own elements and standards."), *on reconsideration sub nom. DC v. Valley Cent. Sch. Dist.*, No. 09-CV-9036, 2011 WL 3480389 (S.D.N.Y. June 29,

2011). The disparities in the elements of Plaintiffs' claims—and the downstream disparities in the facts relevant to supporting those claims—would patently prejudice Defendants by requiring them to engage in additional discovery and motions practice specific to this new claim.

Because Plaintiffs do not satisfy the good cause standard under Rule 16, the Court denies Plaintiffs' motion for leave to amend.[2]

**B. Opinion and Order Denying Discovery Request**

Because the Opinion rules on a non-dispositive discovery request, this Court will affirm the Opinion unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). "This standard of review is highly deferential, and magistrate[] [judges] are afforded broad discretion in resolving discovery disputes." *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 336 F.R.D. 400, 403 (S.D.N.Y. 2020) (cleaned up). Additionally, "Rule 72(a) precludes the district court from considering factual evidence that was not presented to the magistrate judge," *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013), and "[n]ew arguments and factual assertions cannot properly be raised for the first time in objections to [a magistrate judge's discovery order], and indeed may not be deemed objections at all," *Khatabi v. Bonura*, No. 10-CV-1168, 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (quotation marks omitted).

The Court finds no error—and certainly no clear error or contravention of law—in Judge Cave's well-reasoned Opinion. To date, Plaintiffs identify no legal authority connecting the demographics of ECFS's workforce to Plaintiffs' claims for discrimination and hostile

---

[2] Because the Court concludes that no good cause exists under Rule 16, the Court need not reach the parties' arguments as to the propriety of leave under Rule 15(a)(2). *See Bucalo v. Town of Southampton*, No. 14-CV-7050, 2017 WL 11511196, at *8 (E.D.N.Y. Dec. 11, 2017) ("Plaintiff's failure to demonstrate good cause precludes the need for the Court to address Rule 15.").

educational environment. Even if Plaintiffs could show some arguably relevant information from such evidence, the Court would nonetheless conclude that compelling production of such tangentially relevant evidence would be disproportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Thus, the Court overrules Plaintiffs' objections to the Opinion.

## IV. Conclusion

For the foregoing reasons, the Report and Recommendation (ECF No. 180) is hereby ADOPTED, and Plaintiff's objections to Judge Cave's Opinion and Order are OVERRULED. Accordingly, Defendants' motion to dismiss is GRANTED with respect to Plaintiffs' Title VI claim, which is DISMISSED with prejudice, and Plaintiff's motion for leave to amend and add a claim of negligence and negligent supervision is DENIED. Additionally, the Opinion and Order (ECF No. 181) is AFFIRMED.

The Clerk of Court is directed to close the motions at ECF Nos. 149 and 156.

SO ORDERED.

Dated: November 2, 2026
New York, New York

J. PAUL OETKEN
United States District Judge